RUTAN ESTATES, INC., A NEW JERSEY CORPORATION, PLAINTIFF, v. TOWN OF BELLEVILLE, A MUNICIPAL CORPORATION OF THE COUNTY OF ESSEX, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided October 3, 1958.

*Mr. Max Sherman,* attorney for plaintiff.

*Mr. Lawrence E. Keenan,* attorney for defendant.

COOLAHAN, J. S. C. The present action seeks judicial review of the validity of an ordinance adopted by the defendant Town of Belleville on July 23, 1957.

The plaintiff, Rutan Estates, Inc., a housing development corporation, has constructed within the confines of Belleville a development consisting of approximately 70 units. The challenged ordinance provides that the cost of water main extensions to the housing development shall be assessed as a local improvement to be borne by either the developer or the property owners affected therein.

The plaintiff contends that the capital outlay for such project should be met out of the general revenues of the town, contending that the income from future water rents will be more than sufficient to discharge the initial obligation.

Initially, we may observe that *N. J. S. A.* 40:56–1, *subd. k,* enacted by the Legislature in 1951, contains authority for a municipality to provide for the cost of water main extensions as a local improvement. Our inquiry therefore, should be directed to whether, under all the circumstances here present the adoption of the ordinance

constituted an abuse of the broad discretionary powers vested in the governing body, for a presumption generally arises in favor of the validity of an ordinance adopted within the statutory powers of a municipality and the courts are not prone to invade the discretionary sphere of the governing body in the absence of a positive showing of an arbitrary, unreasonable or capricious abuse of such authority. *Michaels v. Township Committee of Pemberton Tp., Burlington County*, 3 *N. J. Super.* 523 (*Law Div.* 1949); *State v. Mundet Cork Corp.*, 8 *N. J.* 359 (1952); *Baris Lumber Co. v. Town of Secaucus in Hudson County*, 20 *N. J. Super.* 586 (*Law Div.* 1952); *Chirichella v. Department of Civil Service*, 31 *N. J. Super.* 404 (*App. Div.* 1954).

As aforementioned, the plaintiff is the owner and developer of a tract of land in the Town of Belleville, which tract was divided into lots as shown more fully on two certain maps filed in the Register's Office of Essex County, the first on May 23, 1957. The maps of Rutan Estates, first section, aforementioned were approved and formally accepted for dedication by resolution of the Town of Belleville on February 26, 1957, and the second section by resolution dated April 9, 1957. The resolutions provide that in each case the map "is hereby accepted for dedication by the Town of Belleville, provided that before such acceptance shall become effective compliance shall be had with all of the requisite provisions of an ordinance entitled 'an ordinance to establish certain standards, requirements and regulations with respect to the laying out, construction, dedication, approval and acceptance of streets, sanitary and drainage sewers and other improvements in the Town of Belleville, including approval for filing of real estate developers maps, adopted July 25, 1950 and *R. S.* 46:23–2 etc.' "

The 1950 ordinance referred to in the accepting resolutions provides for certain improvements, including roads, under-drains, concrete sidewalks, curbs and sanitary sewers. There is reference, also, to water connections with existing town installations and the requirement that upon completion of the work a utility map is to be submitted showing house

connections to various utilities including house connections to water mains. There is no specific reference in these requirements to water main extensions.

Following the passage of the aforesaid resolutions by the Town of Belleville and the issuance of building permits, the plaintiff began the construction of homes and the sale thereof, and beginning in May 1957 sold or contracted for sale some 50 or 60 homes in section 1 of the development.

The plaintiff did not include in the sales price of the houses any amount on the cost of water main extensions which it assumed would be met by the town as a general improvement in view of the practice theretofore in the case of housing developments. Under this assumption they arranged for mortgage loans and other costs involved in a project of this nature.

Thereafter, the plaintiff petitioned the town to extend its existing water mains, making them available for connection with lines from the houses being constructed on the plaintiff's lands. On June 11, 1957 an ordinance appropriating money for that purpose did not secure the necessary votes for passage by the town commissioners. On July 1, 1957 the plaintiff was advised of a resolution adopted June 25, 1957 providing that plaintiff should install the water main extensions at its own cost, or in lieu thereof it would be done by way of a local improvement assessment. This was followed a few weeks later by the passage of the ordinance in question which set up the water main extensions as a local improvement.

At the hearing before this court it was shown that responsible officials of the town had represented to the plaintiff that the cost of water main extensions would be defrayed by the town. It was also demonstrated that the ordinance now being reviewed is an innovation in so far as town policy is concerned. In fact, on at least 11 prior occasions water main extensions have been provided by the town for housing developments. Following the action taken herein, the town provided for a water main extension to another customer, the town bearing the cost thereof in its usual manner.

Plaintiff asserts that in reliance upon the representation of the town officials the sales price of the houses was predicated upon the assumption that the cost of water main extensions would be borne by the town. It therefore contends that the town was estopped to pursue the course of action it entered upon by the adoption of the later ordinance. In view of the financial dislocation that will be attendant upon its enforcement, plaintiff further maintains that placed in the setting of the municipality's past course of conduct in relation to water main extensions, the action taken in regard to the plaintiff is arbitrary and discriminatory and is violative of plaintiff's constitutional rights.

There has been some fairly recent litigation dealing with the problem of whether the cost of water main extensions shall be borne by the municipality or by the property owner. *Reid Development Corporation v. Township of Parsippany-Troy Hills*, 10 *N. J.* 229 (1952) ; *Reid Development Corporation v. Township of Parsippany-Troy Hills*, 31 *N. J. Super.* 459 (*App. Div.* 1954) ; *Lake Intervale Homes, Inc., v. Township of Parsippany-Troy Hills*, 47 *N. J. Super.* 334 (*Law Div.* 1957). None of the cases cited involve an action taken by a municipality pursuant to the statutory authority covered by *N. J. S. A.* 40 :56–1, *subd. k.* However, I am convinced that although each of the aforesaid cases dealt with a factual situation peculiar to itself, nevertheless the principle emerges that where, as here, a municipality operates a water utility as a proprietary function, in the absence of some showing of economic necessity or desirability, the cost of a water main extension is generally to be met by the municipality supplying the water service. In the present case the defendant municipality has been operating its water utility at a profit over a long period of years. It must also be borne in mind that the municipality will, if the plaintiff is required to install the water mains, have a revenue producing facility free of cost. An economic prohibition was not urged by the defendant, for it was established that the present return from its water facilities is a profitable operation for the municipality.

 Yet, while *N. J. S. A.* 40:56–1, *subd. k* confers the requisite power upon the township to assess water main extensions as local improvements, it nevertheless does not contemplate the unreasonable exercise of such power. The mere presence of statutory power does not sanction its arbitrary or discriminatory abuse. It is my opinion that in the present case, considering the long term policy of the township with respect to water main extensions, and further considering the position adopted by the plaintiff after representations were made to it by the town officials, and that subsequent to the passage of the ordinance under attack the defendant has passed ordinances for the installation of water mains to the benefit of others as a general improvement, the ordinance in question constituted an unwarranted abuse of power and is consequently invalid.

It is not to be assumed, however, that the powers set forth in *N. J. S. A.* 40:56–1, *subd. k* cannot ordinarily be utilized under proper circumstances by municipalities. The finding herein as to the invalidity of the ordinance applies only to the circumstances surrounding the present case.

The defendant municipality has raised the additional procedural contention that the plaintiff was out of time in this present appeal. In support of this contention it cites *R. R.* 4:88–15(*b*)(5 and 12) which require that appeals from actions of municipalities shall be taken within 30 days, and it is asserted that the ordinance in question was adopted on July 23, 1957, approximately five months before the present action was filed, and the contract for the improvement was awarded on September 10, 1957, more than three and one-half months prior to the filing of this action. However, *R. R.* 4:88–15(*c*) provides that the court may enlarge the period of time provided for in subsection (b) where it is manifest that the interests of justice require such enlargement.

 It is conceded by all parties that the construction of the water main extensions was a necessity. Seventy new families in the Town of Belleville would require a water supply. Had the plaintiff moved immediately following the adoption of the controverted ordinance, or had it moved

immediately following the award of the contract for the construction of the water main extensions, serious delay might have arisen and this would have been the occasion of extensive disruption in the lives of these prospective new residents of the town. The ultimate effect of any litigation on the subject would only be to place the cost of extensions either upon the municipality or upon the plaintiff. I therefore find that the circumstances presented call for an application of subsection (c), R. R. 4:88–15.

There will be judgment for the plaintiff.